UNITED STATES ex rel. RODRIGUEZ v. KARNUTH, District Director of Immigration.

District Court, W. D. New York.
March 1, 1933.

Israel Rumizen, of Buffalo, N. Y., for relator.

Richard H. Templeton, U. S. Atty., and Willard R. Chamberlin, Asst. U. S. Atty., both of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

Relator, an alien, is held in custody by virtue of a warrant of deportation issued by the United States Department of Labor on the ground charged in the warrant that the relator is employed "by or in connection with a house of prostitution or music or dance hall or other place of amusement or resort habitually frequented by prostitutes or where prostitutes gather." He has sued out this writ based upon the ground that his imprisonment under said warrant is illegal and unlawful and without foundation in fact to support it. The Department of Labor is authorized by law to hear and determine questions relating to the deportation of aliens. With its determination this court has no right to interfere except when it is plain that a person has been denied a fair hearing, or where the decision is not supported by any substantial evidence, or where an erroneous rule of law has been applied. No appeal from the decision of the Department lies to this court, and this court should not decide fact issues. However, where it appears from the record presented that there is no substantial evidence to support the decision of the Department, it is the duty of this court to review such decision upon a writ of habeas corpus.

The relator was given a fair hearing in the sense that he was given every reasonable opportunity to present his defense before the inspector, and he was fairly informed of all of his rights. It seems to me, however, that proof of the charge laid as the basis of deportation is not made by substantial evidence. As bearing upon this charge, we find evidence that on June 6, 1932, one Norma Wilson was convicted of the offense of violating section 1146 of the Penal Law of New York state (Consol. Laws, c. 40), in the maintenance of a house of prostitution at 129 Eleventh street, Niagara Falls, Niagara county, N. Y.; that relator was arrested on these premises on June 15, 1932; that he had been seen in or about the front part of these premises on several occasions prior and subsequent to June 6, 1932; that immediately preceding his arrest, when the officers of the law entered the cigar store, relator endeavored to press a button which was connected with an alarm in the rear rooms; and that relator was employed at such house. This is, in substance, all of the evidence offered to show that relator was "employed by, in or in connection with" the premises in question with knowledge of the character of the place. There is some proof of some contradictions between the testimony of the relator and the police officers tending to bear on the credibility of the relator. Such is the testimony, as given by the relator, that he did not know of the seizure and of the taking away of any slot machine which the officers testified was seized and was removed in the automobile in which relator was taken when arrested, and such is the testimony of relator denying that he heard any conversation between the proprietress of the place, Norma Wilson, and the officers on the occasion of relator's arrest, claimed by the officers to have been made. Statements claimed to have been made by the proprietress, however, only tended to show employment of relator by her, and such employment was admitted by relator. On the other hand, it appears from the uncontradicted testimony of relator that he came to this country in 1920; that he has never been convicted of any crime; that he had been employed at regular employment at several places for considerable length of time; that in 1931 he had taken out his first papers to become a citizen of the

United States; that he was employed at the premises in question to do work in and about the place in cleaning floors and working around the yard; that he had been employed altogether at this place something less than a month extending over a period of several months; and that he had been working there continuously for only a few days immediately preceding June 15, 1932. Relator testified that he had nothing to do with the operation of the store and knew nothing of the character of the place, and that he knew nothing of the conviction of the proprietress. Relator was not present when Norma Wilson was arrested. While it appears that the character of this place, such as it was in June, 1932, was known for some years preceding that date, I do not think that in the case of this relator any presumption from that fact can fairly be made that he did know the character of the place.

Knowledge is an essential element of the charge made. It must be shown by substantial evidence. Proof of circumstances may be sufficient to create substantial evidence. There is no direct evidence that relator had knowledge of the character of the place, nor are the circumstances shown sufficient to create substantial evidence.

For the reasons above assigned, the relator should be discharged.